# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Scott A. Milliman, Sr., | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 11 C 50361 |
| | ) | |
| McHenry County, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

The magistrate judge's unopposed report and recommendation [132] is accepted. Plaintiff shall pay defendants the reasonable attorney's fees and costs expended in preparation for Dr. Jaffe's deposition. The issue is recommitted to the magistrate judge for a recommendation as to the calculation of the reasonable attorney's fees and costs.

## STATEMENT

Before the court is the magistrate judge's report and recommendation ("R&R") that this court impose on plaintiff the reasonable attorney's fees and costs expended by defendants in preparation for the deposition of plaintiff's onetime expert, Dr. Jaffe. During discovery, plaintiff identified Dr. Alan M. Jaffe, a clinical psychologist, as a retained expert who would review the fitness-for-duty evaluation which defendants claim was the basis for plaintiff's termination from the McHenry County Sheriff's Department. After disclosure of Jaffe's expert report and while in preparation for Jaffe's deposition, plaintiff's counsel came to the conclusion that Jaffe's report was unusable within the bounds of his professional responsibilities as an attorney.[1] Accordingly, plaintiff's counsel canceled the deposition, withdrew Jaffe as an expert, and filed a motion to substitute a new expert. Defendants opposed plaintiff's motion, arguing that plaintiff should not be permitted to substitute a new expert for Jaffe due to the late nature of the substitution, should be required to pay defendants' attorney's fees and costs incurred in preparation for Jaffe's deposition, and should be required to present Jaffe for a deposition notwithstanding his withdrawal to explore some of the apparent contradictions between statements purportedly made to Jaffe by plaintiff and plaintiff's prior sworn testimony.

The magistrate judge conditionally granted the request to substitute, denied the request to reopen fact discovery to depose Jaffe as a fact witness (although the magistrate judge permitted

---

[1] Milliman's counsel does not identify the purported problem with Jaffe's report in his motion, but at a hearing in front of the magistrate judge counsel explained that it had come to his attention that Jaffe had concealed and withheld information upon which he relied in making his expert report.

defendant leave to serve on plaintiff ten requests to admit in order to explore those apparent contradictions), and recommended that this court grant defendants' requests for fees and costs incurred in preparation for Jaffe's deposition. The magistrate judge conditioned his grant of the substitution motion on the payment of the defendants' fees, should this court accept the report and recommendation. Despite being given the opportunity, neither party has objected to the magistrate judge's recommendation. The court, having reviewed the record and the recommendation, agrees with the magistrate judge that the imposition of fees and costs is appropriate pursuant to Rule 37 and this court's inherent authority. Accordingly, there being no written objection to the magistrate judge's R&R, see 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149-50 (1985), and the court having reviewed the record and the R&R, the court accepts the R&R. The issue is recommitted to the magistrate judge for a calculation of an appropriate reasonable figure.

Date: 6/30/2015                                    ENTER:

_____
FREDERICK J. KAPALA

District Judge